**Daouda TRAORE, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Board of Immigration Appeals, Respondents.**

No. 07–1447–ag.

United States Court of Appeals, Second Circuit.

Oct. 7, 2008.

Barry R. Goldberg, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Matt A. Crapo, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Daouda Traore, a native and citizen of Cote d'Ivoire, seeks review of a March 9, 2007 order of the BIA affirming the December 1, 2004 decision of Immigration Judge ("IJ") George T. Chew pretermitting his application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Daouda Traore*, No. A 97 200 786 (B.I.A. Mar. 9, 2007), *aff'g* No. A 97 200 786 (Immig. Ct. N.Y. City, Dec. 1, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Security*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle, but declining to remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

As a preliminary matter, Title 8, Section 1158(a)(3)of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of

neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Here, while Traore does not challenge the IJ's pretermission of his application for asylum claim, he does argue that he is eligible for asylum. We deem the argument waived and proceed to consider only the agency's denial of his application for withholding of removal and CAT relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005); *see also Joaquin–Porras v. Gonzales,* 435 F.3d 172, 180–81 (2d Cir.2006).

■ We conclude that substantial evidence supports the agency's adverse credibility determination. As the IJ found, Traore's passport indicated that it was renewed at the Cote d'Ivoire Consulate in Washington, D.C. prior to the time period in which he was allegedly persecuted in Cote d'Ivoire. Traore explained that he had given his passport to an uncle for safekeeping after he applied for a visa in 1993, and that he did not know how it had been reissued in the United States. The BIA and IJ appropriately rejected that explanation given Traore's testimony that his uncle had never been to the United States. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). As such, the agency reasonably found that the passport suggested that Traore had been in the United States in June 2001, and not in Cote d'Ivoire at the time he claimed to have suffered persecution. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003); *See also Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007) (emphasizing that an IJ's credibility findings will be accorded deference as long as an "inferen-

tial leap is tethered to the evidentiary record").

The IJ properly questioned the legitimacy of Traore's remaining documents, in light of the doubt that the inconsistency between his testimony and the renewal date of his passport cast on his asylum claim. *Cf. Siewe,* 480 F.3d at 170 (noting that "a finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner").

■ While we agree with Traore that the IJ mischaracterized copies of an airline ticket in the record, that error notwithstanding, the agency's adverse credibility finding was, as a whole, supported by substantial evidence. Accordingly, remand is not required because we can confidently predict that the agency would reach the same decision, absent any errors. *See Xiao Ji Chen,* 471 F.3d at 339–40. Because the only evidence of a threat to Traore's life or freedom or a likelihood that he would be tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT, which rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DISMISSED as moot.